## Asbestos Manufacturing Company, Appellant, *v.* Burns.

*Contract—Entire contract—Default.*

Where, on default in the performance of a contract for work to be done for an entire consideration, the party for whom it is to be done construes the contract as authorizing him to complete the work and deduct the cost of so doing from the contract price, notifies the other of his intention to do this, and with his acquiescence completes the work, he is estopped from denying the right of the other to the contract price less the cost of such completion.

Argued Oct. 21, 1903. Appeal, No. 101, Oct. T., 1903, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1899, No. 134, dismissing exceptions to referee's report in case of Asbestos Manufacturing Company v. David R. Burns. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, HENDERSON and MORRISON, JJ. Reversed.

Exceptions to report of John W. Patton, Esq., referee.

From the record it appeared that on August 10, 1898, the plaintiff entered into an agreement with the defendant to furnish in accordance with plans and specifications the coverings for pipes in connection with the steam heating and ventilating system at the Philadelphia county prison, for the erection of which the defendant was the contractor with the prison au-

thorities. The plaintiff entered on the performance of its contract and continued working at the same until about October 1, 1898, when Mr. Motherwell, the superintendent of the county prison, took from plaintiff's workmen their tickets of admission to the prison, and on October 12, 1898, the defendant notified the plaintiff in writing that having the power under the specifications he would finish the work up immediately and deduct the cost from plaintiff's contract. The defendant accordingly employed one R. Willis Lyle to finish plaintiff's contract and paid Mr. Lyle $799.36 for so doing. The plaintiff was to have received from the defendant for the entire work, $1,300. This action is brought to recover the difference, namely, $500.64, with interest, from December 1, 1898, the date when the entire work was completed.

The referee held that the plaintiff's contract was an entire one, and that it could not recover without showing entire performance or that it was prevented from performing by the defendant, and that the evidence did not show that the plaintiff had been so prevented. The plaintiff, on the other hand, contended that under the specifications and the defendant's letter to plaintiff, of October 12, 1898, the completion of the contract by Mr. Lyle was to be construed as performance by the plaintiff, and upon plaintiff giving credit to the defendant for the amount paid by him to Mr. Lyle to complete the contract, it was entitled to recover the difference.

Exceptions to the referee's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to referee's report.

*M. Hampton Todd*, for appellant.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellee.

OPINION BY SMITH, J., December 19, 1903:

The plaintiff, a subcontractor, having failed, in part, to perform the contract, the defendant, the principal contractor, proceeded to complete it. The plaintiff now seeks to recover the difference between the contract price and the cost of the com-

pletion by the defendant.     The claim is resisted on the ground that since the contract was entire there can be no recovery for part performance.

The parties, however, have made for themselves a different rule in the premises.     In their contract, instead of leaving the penalty of default to rest on the law, they agreed on a provision by which it was otherwise fixed.     This contract, as found by the referee, provides that in case of default the board of inspectors may, after due notice, " proceed to employ necessary workmen, overseers and laborers, and purchase such materials as may in the judgment of the consulting engineers be necessary to complete the work within the specified time, at such wages as they may find it necessary or expedient to give, pay all indebtedness so incurred, and charge over the amount so paid to the contractor as if for work performed by him."

The plaintiff's performance of the contract, so far as proceeded with, being unsatisfactory to the board of inspectors, the defendant addressed a communication to the plaintiff, stating this dissatisfaction, and concluding as follows : " This is the third notice I have served on you, and am invested with the power, according to my agreement with you as per specification for said prison, to have this work finished up immediately by another contractor.     The cost of the said work to be deducted from your contract."     The defendant then, through another subcontractor, finished the work.     The plaintiff neither attempted further performance nor objected to the course pursued by the defendant.

Whether, by the true construction of the contract, the defendant was authorized to proceed in this manner, had the plaintiff contested his right to do so, is not material.     The right was asserted by the defendant and recognized by the plaintiff, the parties thus agreeing on the construction of the contract.     The preliminaries and notice contemplated by the contract were obviously for the benefit of the plaintiff, and might be waived.     Acquiescence in the defendant's action must be deemed a waiver of all that might have been demanded before the work was taken out of the plaintiff's hands.     As matter of fact, the defendant, with the co-operation of the prison superintendent, who excluded the plaintiff's workmen from the grounds, practically prevented the plaintiff from continuing

the work. Having for this purpose assumed the right, under the contract, of placing its completion in the hands of another, he cannot now be heard to allege that he had no authority to do so. His notice to the plaintiff announced his purpose of doing this; also that, as provided by the contract, " the cost of the said work to be deducted from your contract; " and to this the plaintiff practically assented. This was an exercise of authority, and an application of the penalty for default, substantially in accordance with the contract. It left the plaintiff entitled to the difference between the contract price and the cost to the defendant of completing the work with interest from the time of completion.

Judgment reversed, and it is ordered that judgment be entered in the court below in conformity with this opinion.